# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | 2:10-cr-00007-JMS-CMM |
| vs. | ) | |
| | ) | |
| MELISSA VAN NESS, | ) | -17 |
|     Defendant. | ) | |

## REPORT AND RECOMMENDATION

On March 6, 2019, the Court held an initial and final hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on February 20, 2019. Melissa Van Ness ("Defendant") appeared in person with FCD counsel, Michael Donahoe. The government appeared by Lindsay Karwoski, Assistant United States Attorney. U. S. Probation appeared by Officer Jennifer Considine.

On March 8, 2019, the USPO filed a memorandum regarding defendant's lack of employment. The undersigned conducted a hearing for March 13, 2019 to discuss defendant's lack of employment.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. §3583:

    1.    The Court advised Defendant of her rights and provided him with a copy of the petition.

    2.    The parties advised the Court of an agreement by which the Defendant would admit to Violation No. 2, the Government would dismiss Violation No. 1. The parties did not concur on a recommended disposition.

    3.    After being placed under oath, Defendant admitted Violation No 2. [Docket No. 1671.] The Government dismissed Violation No. 1.

4. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| **Violation Number** | **Nature of Noncompliance** |
|---|---|
| 2 | "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician." |
| | On February 18, 2019, the offender was arrested by the Terre Haute Police Department for operating a vehicle while intoxicated. Ms. Van Ness was transported to Union Hospital, in Terre Haute, Indiana, where she consented to a blood draw. Her sample was determined to have a blood alcohol level of .282, and also contained opiates, amphetamine, and methamphetamine. |

5. The parties stipulated that:

   (a) The highest grade of violation is a Grade **B** violation.

   (b) Defendant's criminal history category is **III**.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is **8 to 14** months imprisonment.

6. The Government originally recommended ten (10) months of imprisonment with no supervision to follow. Defendant's counsel recommended a shorter sentence in the discretion of the Court. During a subsequent hearing, the parties jointly recommended a 60-day sentence and resumption of supervised release.

7. The Magistrate Judge, having considered the factors in 18 U.S.C. §3553(a), and as more fully set forth on the record, finds that:

   (a) The Defendant violated a condition of supervised release;

   (b) Thee agreement of the parties is an appropriate resolution of this matter and the agreement is commended to the favorable consideration of the District Judge;

(c)   The Magistrate Judge recommends that the defendant be sentenced to a term of incarceration for 60 days and that her supervised release resume thereafter for the period dictated in the District Judge's original disposition of the case. The Magistrate Judge further recommends that the terms of supervised release be amended to prohibit the use of alcoholic beverages.

In making this recommendation, the Magistrate Judge considered the following factors:

a) The underlying incident, while serious and included minor assault on a law enforcement officer and an emergency room nurse, was the first violation of the terms of supervised release. The defendant was extremely intoxicated at the time of the incident. There is no indication that the defendant had taken any illegal substances. The Court made clear in a colloquy with the defendant that the conduct at issue was unacceptable; the defendant acknowledged her failing and expressed remorse.

b) After additional consultation post-hearing, the Magistrate Judge determined that defendant is not currently employed as was understood or represented at the original hearing. A subsequent hearing was convened. There is a history of communication problems between the defendant and the Probation Officer that will need to end upon her release. This was confirmed during the second hearing: The defendant very much needs supervision to conform her contract to the boundaries of the law and the terms of her supervised release. The defendant is willing to work, willing to care for dependents, and desires to live an independent life. She will not, in the opinion of the Magistrate Judge, achieve those goals without supervision or with any flexibility about the consumption of alcohol.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the 14-day right to appeal this recommendation on the record.

Dated: March 13, 2019

_____
CRAIG M. McKEE, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:
All ECF-registered counsel of record via email generated by the court's ECF system
United States Probation Office, United States Marshal